CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA

NOV 01 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM F. BRECKENRIDGE, | ) | CASE NO. 7:12CV00518 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| CARL A. MANIS, WARDEN, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

William F. Breckenridge, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court concludes that the petition must be summarily dismissed without prejudice.

On the face of his petition, Breckenridge states that he is challenging judgments from two separate state courts and a criminal judgment issued by this court. Section 2254 provides a habeas remedy only upon a showing that petitioner is confined under the judgment of a state court in violation of the Constitution or laws of the United States.[1]  See § 2254(a). Thus, to the extent that Breckenridge is attempting to challenge any criminal judgment previously entered against him in this court, his § 2254 petition is not the appropriate remedy and must be dismissed without prejudice.[2]

While Breckenridge may challenge state court criminal judgments under § 2254, he must file a separate § 2254 petition regarding the judgment or judgments issued by each of the

---

[1] The appropriate remedy for challenging a federal criminal judgment is a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. The federal judgment that Breckenridge appears to be challenging was entered against him more than twenty years ago, and he demonstrates no ground on which he could pursue a timely § 2255 claim regarding this judgment, in light of the statute of limitations in § 2255(f). Therefore, the court will not construe the current pleading as a § 2255 motion.

[2] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

separate courts involved.[3] See Rule 2(e), Rules Governing § 2254 Cases.  The court summarily dismisses Breckenridge's petition without prejudice, because he must file separate petitions to challenge the judgments of separate courts.[4]  An appropriate order will enter this day.

The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 1st day of November, 2012.

*/s/ James C. Turk*
Senior United States District Judge

---

[3] Breckenridge also appears to be time barred under 28 U.S.C. § 2244(d) from raising any current challenge to the state court convictions he mentions on the face of the petition.

[4] Breckenridge's petition fails to make any clear statement of his claims for relief, and his petition consists mainly of portions of a transcript that he does not submit to the court. Liberally construing his allegations, however, it appears that the gravamen of Breckenridge's petition is a claim that trial counsel at an August 2007 sentencing hearing in the Circuit Court of Albemarle County argued improperly concerning how the Court could consider Breckenridge's prior state and federal convictions in determining the 2007 sentence. Breckenridge previously filed a § 2254 petition challenging this 2007 Albemarle County judgment. See Breckenridge v. Barksdale, Case No. 7:11CV00487 (W.D. Va. July 9, 2012). Thus, Breckenridge's current petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition. Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b). Because Breckenridge has not obtained such certification by the Court of Appeals, to the extent that Breckenridge seeks to challenge his 2007 sentence, his current petition may also be dismissed as successive.

2